IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YISELL JEANINE OSORIO MEJIA, Individually and as Representative of the ESTATE OF MARCOS HUMBERTO VINDEL OSORIO, Deceased; HERNAN OSORIO; WENDY OSORIO; DENIA PEREZ; JORDY JAMIL OSORIO GARCIA; and IRMA ELENA GARCIA, as Next Friend of J.A.V., a Minor Child<br><br>*Plaintiffs*,<br><br>v.<br><br>SPIRIT AIRLINES, LLC (f/k/a Spirit Airlines, Inc.)<br><br>*Defendant*. | § § § § § § § § § § § § § § § § § § § | Case No. _____<br><br>Judge _____<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

COME NOW Plaintiffs Yisell Jeanine Osorio Mejia, Individually and as Representative of the Estate of Marcos Humberto Vindel Osorio, Deceased; Hernan Osorio; Wendy Osorio; Denia Perez; Jordy Jamil Osorio Garcia; and Irma Elena Garcia, as Next Friend of J.A.V., a Minor Child (collectively "Plaintiffs"), and file this Complaint against Defendant Spirit Airlines, LLC (f/k/a Spirit Airlines, Inc.) ("Spirit" or "Defendant"), and for cause of action would respectfully show the Court as follows:

## NATURE OF ACTION

1.      This action arises from the death of Marcos Humberto Vindel Osorio, a 75-year-old man with mild dementia who died on the night of June 8, 2024, after Spirit Airlines abandoned him—unaccompanied and disoriented—at George Bush Intercontinental Airport in Houston, Texas. Mr. Osorio's family had specifically advised Spirit Airlines at the departure airport in

1

Honduras that he suffered from dementia and required assistance through the airport upon his arrival in Houston. Spirit's agent confirmed that assistance would be provided. Spirit provided none. Mr. Osorio was found dead that night, having been struck by multiple vehicles on a roadway approximately an eight-minute drive from the airport.

2.     This action is brought pursuant to Article 17 of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 (the "Montreal Convention"), S. Treaty Doc. No. 106–45 (2000). Plaintiffs seek compensatory damages for the wrongful death of Marcos Humberto Vindel Osorio and for the injuries he sustained prior to his death, to the full extent permitted under the Montreal Convention and applicable law.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Montreal Convention is a treaty of the United States and an action to enforce its provisions arises under federal law.

4.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred at George Bush Intercontinental Airport in Harris County, Texas.

## PARTIES

6.     Plaintiff Yisell Jeanine Osorio Mejia is a resident of Harris County, Texas. She brings this action individually as a wrongful death beneficiary pursuant to § 71.004 of the Texas Civil Practice

and Remedies Code, and in her capacity as the duly appointed Representative of the Estate of Marcos Humberto Vindel Osorio, Deceased.

7.    Plaintiff Hernan Osorio is a resident of Jefferson Parish, Louisiana. He brings this action individually as a wrongful death beneficiary pursuant to § 71.004 of the Texas Civil Practice and Remedies Code.

8.    Plaintiff Wendy Osorio is a resident of Honduras. She brings this action individually as a wrongful death beneficiary pursuant to § 71.004 of the Texas Civil Practice and Remedies Code.

9.    Plaintiff Denia Perez is a resident of Orange County, Florida. She brings this action individually as a wrongful death beneficiary pursuant to § 71.004 of the Texas Civil Practice and Remedies Code.

10.    Plaintiff Jordy Jamil Osorio Garcia is a resident of Williamson County, Tennessee. He brings this action individually as a wrongful death beneficiary pursuant to § 71.004 of the Texas Civil Practice and Remedies Code.

11.    Plaintiff Irma Elena Garcia is a resident of Honduras. She brings this action as Next Friend of J.A.V., a Minor Child, pursuant to § 71.004 of the Texas Civil Practice and Remedies Code.

12.    Defendant Spirit Airlines, LLC (f/k/a Spirit Airlines, Inc.) is a foreign limited liability company with its principal place of business at 1731 Radiant Drive, Dania Beach (Broward County), Florida. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. At all times relevant herein, Spirit was a common carrier engaged in the business of transporting passengers for hire by air on international routes, including routes to and from the State of Texas, and held certificates of authority to operate as an air carrier issued by the Federal Aviation Administration.

## THE MONTREAL CONVENTION

13.    The Montreal Convention governs this action. The Convention applies to "all international carriage of persons, baggage, or cargo performed by aircraft for reward." Montreal Convention, Art. 1(1). The United States and Honduras are both signatories to the Convention.

14.    The flight at issue—Spirit Airlines flight No. 1630 from Comayagua, Honduras (XPL) to Houston, Texas, George Bush Intercontinental Airport (IAH)—constituted "international carriage" within the meaning of Article 1 of the Convention.

15.    Article 17(1) of the Convention provides: "The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

16.    Under Article 21(1) of the Convention, for damages not exceeding 128,821 Special Drawing Rights per passenger, the carrier shall not be able to exclude or limit its liability. This constitutes strict liability.

17.    Under Article 21(2) of the Convention, for damages exceeding the Tier 1 threshold, the carrier shall not be liable if it proves that (a) such damage was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents, or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party. The burden of proof rests entirely with the carrier.

18.    Pursuant to Article 29 of the Convention, any action for damages arising from the international carriage at issue herein may only be brought subject to the conditions and limits of liability set out in the Convention.

**FACTS**

**Mr. Osorio and His Travel:**

19.     Marcos Humberto Vindel Osorio ("Mr. Osorio") was a 75-year-old man who suffered from mild dementia that was triggered and exacerbated by stress. Because of this condition, Mr. Osorio required assistance and supervision when traveling alone through unfamiliar environments.

20.     On or about June 8, 2024, Mr. Osorio traveled alone on Spirit Airlines flight No. 1630 from Comayagua, Honduras (Palmerola International Airport) to George Bush Intercontinental Airport (IAH) in Houston, Texas.

**Spirit's Promise of Assistance:**

21.     Plaintiff, Wendy Osorio checked Mr. Osorio in with Spirit Airlines at Palmerola International Airport (XPL) in Comayagua, Honduras. At the time of check-in, Wendy Osorio specifically advised the Spirit Airlines agent that Mr. Osorio suffered from dementia and requested that Spirit provide him with assistance deboarding the aircraft and through the airport in Houston upon his arrival.

22.     The Spirit Airlines agent at Comayagua confirmed and acknowledged that Mr. Osorio would need assistance upon deboarding and through the airport in Houston. Spirit thereby undertook the duty to ensure that Mr. Osorio would be assisted from the aircraft and escorted through IAH upon his arrival.

23.     As reflected in the photograph below, Mr. Osorio was transported through Palmerola International Airport in a wheelchair by airport personnel prior to boarding Spirit flight No. 1630. He is pictured smiling and waving. This photograph establishes that wheelchair

assistance was provided to Mr. Osorio at departure and that the need for such assistance was apparent to airline and airport personnel at Palmerola.



*Marcos Humberto Vindel Osorio at Palmerola International Airport (XPL), June 8, 2024, being transported by airport personnel in a wheelchair prior to boarding Spirit flight No. 1630.*

24.    Spirit's undertaking to assist Mr. Osorio was consistent with its obligations under the Air Carrier Access Act, 49 U.S.C. § 41705, and its implementing regulations at 14 C.F.R. Part 382, which govern the provision of assistance to passengers with disabilities, including cognitive impairments, during air travel and deboarding.

**Spirit's Abandonment of Mr. Osorio:**

25. According to flight tracking data, Spirit flight No. 1630 arrived at Gate D at IAH at approximately 6:49 PM CDT on June 8, 2024.

26. Notwithstanding Spirit's confirmed promise to provide Mr. Osorio with deboarding and airport assistance, Spirit failed to provide any such assistance. Mr. Osorio was permitted to deplane and proceed through the airport without any supervision, assistance, or escort.

27. Plaintiff, Yisell Jeanine Osorio Mejia, along with members of her family and friends, had come to IAH to welcome Mr. Osorio and celebrate his arrival. When Mr. Osorio failed to appear at the expected meeting location, Yisell and those gathered with her became alarmed and began attempting to locate him.

28. Plaintiff Hernan Osorio contacted U.S. Customs and Border Protection ("CBP") to inquire about Mr. Osorio's whereabouts. The CBP agent informed Hernan Osorio that his father, Mr. Osorio had been processed through CBP at approximately 7:43 PM CDT—and that he had been processed unaccompanied, without any Spirit Airlines escort or assistance.

29. Hernan Osorio contacted the police, and a search for Mr. Osorio was initiated.

30. Mr. Osorio was not located until approximately 11:15 PM CDT on June 8, 2024. He was found dead on a roadway located approximately an eight-minute drive from IAH—a distance that would represent approximately a two-hour walk for a disoriented elderly man on foot. Mr. Osorio had been struck and killed by multiple vehicles.

31. Spirit's failure to provide the promised assistance—leaving a 75-year-old man with dementia to navigate alone from an international gate through customs and out of a major international airport at night—was the direct and proximate cause of Mr. Osorio's death.

**The "Accident" Within the Meaning of Article 17:**

32.     Spirit's failure to provide the assistance it specifically promised and confirmed to Mr. Osorio's family—and its failure to ensure that a passenger it knew to be cognitively impaired was safely deboarded and assisted through the airport—constituted an "accident" within the meaning of Article 17(1) of the Montreal Convention. The failure was an unexpected and unusual event external to Mr. Osorio, occurring in the course of the operations of disembarking.

33.     Airlines do not ordinarily confirm special assistance for a passenger with a known cognitive disability and then provide no assistance whatsoever. Spirit's complete failure to honor its specific commitment to a passenger it knew to be vulnerable was neither normal nor expected conduct for a commercial air carrier.

34.     The accident occurred in the course of the operations of disembarking Spirit flight No. 1630, within the meaning of Article 17(1). The death of Mr. Osorio, while occurring hours later and at a distance from the airport, was the direct and proximate result of that accident, and Spirit's liability is not defeated by the temporal or geographic gap between the accident and the resulting death.

## CAUSE OF ACTION

**Montreal Convention, Article 17 – Death of Passenger:**

35.     Plaintiffs incorporate by reference each preceding paragraph as though fully set forth herein.

36.     Spirit Airlines is liable to Plaintiffs pursuant to Article 17(1) of the Montreal Convention for the death of Marcos Humberto Vindel Osorio caused by the accident described herein, which occurred in the course of the operations of disembarking Spirit flight No. 1630 on June 8, 2024.

37.    Pursuant to Article 21(1) of the Convention, Spirit's liability up to 128,821 Special Drawing Rights is strict and absolute. Spirit may not exclude or limit this liability.

38.    Pursuant to Article 21(2) of the Convention, Spirit's liability for damages exceeding the Tier 1 threshold is unlimited unless Spirit can affirmatively prove that: (a) the damage was not due to the negligence or other wrongful act or omission of Spirit or its agents; or (b) the damage was solely due to the negligence or other wrongful act or omission of a third party. Spirit bears the full burden of establishing either defense. Given that Spirit's agent specifically confirmed that Mr. Osorio required and would receive assistance, and that Spirit provided none, Spirit cannot meet this burden.

39.    As a direct and proximate result of Spirit's conduct, Plaintiffs have suffered damages including, without limitation:

(a)    The death of Marcos Humberto Vindel Osorio;

(b)    Physical pain and mental anguish suffered by Mr. Osorio prior to his death;

(c)    Loss of companionship, society, and support suffered by each Plaintiff as a result of Mr. Osorio's death;

(d)    Loss of parental care, guidance, and support suffered by the minor Plaintiff J.A.V.;

(e)    Mental anguish suffered by each Plaintiff;

(f)    Funeral and burial expenses; and

(g)    All other compensatory damages recoverable under the Montreal Convention and applicable law.

**ALTERNATIVE STATE LAW CAUSES OF ACTION**

40.    Plaintiffs plead the following causes of action in the alternative, pursuant to Federal Rule of Civil Procedure 8(d)(2), in the event that a court of competent jurisdiction determines that

9

the Montreal Convention does not govern or does not apply to the claims asserted herein. Plaintiffs do not waive, and expressly reserve, all rights under the Montreal Convention.

**Negligence of Spirit Airlines (Alternative):**

41.     Plaintiffs incorporate by reference each preceding paragraph as though fully set forth herein, and additionally or in the alternative, allege as follows.

42.     As a common carrier, Spirit Airlines owed Marcos Humberto Vindel Osorio that degree of care that would be exercised by a very cautious and prudent person under the same or similar circumstances. This heightened duty of care included, without limitation, conducting operations in accordance with all applicable safety regulations and federal law, including the Air Carrier Access Act, 49 U.S.C. § 41705, and its implementing regulations at 14 C.F.R. Part 382, which require air carriers to provide assistance to passengers with disabilities, including cognitive impairments.

43.     Spirit Airlines was negligent and breached the duties it owed to Plaintiffs and to Marcos Humberto Vindel Osorio in one or more of the following respects:

(a)     Failing to provide the deboarding and airport assistance it specifically promised and confirmed to Mr. Osorio's family;

(b)     Failing to ensure that the assistance promised to Mr. Osorio's family at check-in was communicated to and executed by Spirit's personnel at IAH;

(c)     Failing to ensure that a passenger it knew to be cognitively impaired was safely deboarded and escorted through the airport;

(d)     Failing to implement or follow its own policies and procedures for passengers requiring special assistance;

(e)     Failing to comply with applicable federal regulations governing the provision of assistance to passengers with cognitive disabilities; and

(f)     Such other acts and omissions of negligence as may be shown through discovery and at trial.

44.    As a direct and proximate result of Spirit's negligence, Marcos Humberto Vindel Osorio suffered a fatal injury. Accordingly, Spirit is liable to Plaintiffs under a theory of negligence for all damages claimed herein.

**Negligent Undertaking of Spirit Airlines (Alternative):**

45.    Plaintiffs incorporate by reference each preceding paragraph as though fully set forth herein, and additionally or in the alternative, allege as follows.

46.    Spirit Airlines undertook the duty to assist Marcos Humberto Vindel Osorio through IAH upon his arrival in Houston. Spirit's agent at Comayagua specifically confirmed this undertaking to Mr. Osorio's family. At all times relevant, Spirit knew or should have known that such assistance was necessary for Mr. Osorio's safety and protection given his dementia.

47.    Plaintiffs detrimentally relied on Spirit's undertaking to perform this service. Spirit failed to exercise reasonable care in performing, or in failing to perform, this service. As a direct and proximate result of this failure, Marcos Humberto Vindel Osorio suffered a fatal injury. Accordingly, Spirit is liable to Plaintiffs under a theory of negligent undertaking for all damages claimed herein.

**Gross Negligence of Spirit Airlines (Alternative):**

48.    Plaintiffs incorporate by reference each preceding paragraph as though fully set forth herein, and additionally or in the alternative, allege as follows.

49.    The acts and omissions of Spirit Airlines, whether taken singularly or in combination, constitute gross negligence that proximately caused the death of Marcos Humberto Vindel Osorio and the resulting injuries to Plaintiffs. Spirit's conduct—specifically, confirming that a 75-year-old man with known dementia would receive deboarding and airport assistance, and

then providing no assistance whatsoever, leaving him to wander alone from an international terminal at night—was more than momentary thoughtlessness or mere inadvertence.

50.    Spirit's conduct involved an entire want of care so as to constitute gross negligence as that term is defined in § 41.001(11) of the Texas Civil Practice and Remedies Code. Spirit was subjectively aware of the extreme risk its failure created for Mr. Osorio, given that its own agent had been specifically informed of his dementia and had confirmed the necessity of assistance. Spirit proceeded with conscious indifference to the rights, safety, and welfare of Marcos Humberto Vindel Osorio.

51.    Plaintiffs seek exemplary damages in an amount sufficient to punish Spirit for its unconscionable conduct and to deter such conduct in the future, pursuant to § 41.003 of the Texas Civil Practice and Remedies Code.

## JURY DEMAND

52.    Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

(a)    Enter judgment against Defendant Spirit Airlines, LLC for compensatory damages in an amount to be determined by the jury, in no event less than the amount sufficient to compensate Plaintiffs fully for all damages sustained as a result of the death of Marcos Humberto Vindel Osorio;

(b)    Award Plaintiff Yisell Jeanine Osorio Mejia, as Representative of the Estate of Marcos Humberto Vindel Osorio, Deceased, all survival damages recoverable under applicable law;

(c)    Award each individual Plaintiff their respective wrongful death damages;

(d)    Award pre-judgment and post-judgment interest as permitted by law;

(e)    Award court costs and all other expenses of litigation to the extent permitted under Article 22 of the Montreal Convention and applicable law; and

(f)    In the alternative, if state law claims are not preempted, award exemplary damages against Spirit Airlines in an amount sufficient to punish and deter the grossly negligent conduct described herein;

(g)    Award such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAMINACK, PIRTLE & MARTINES

/s/  RUSS M. BRUDNER
THOMAS W. PIRTLE
Texas Bar No. 16038610
BUFFY K. MARTINES
Texas Bar No. 24030311
SDTX Federal No. 34830
RUSS M. BRUDNER
Texas Bar No. 00787154
SDTX Federal No. 239610
russb@lpm-triallaw.com
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
Telephone:    713/292-2750
Facsimile:    713/292-2755

ATTORNEYS FOR PLAINTIFFS

April 22, 2026