**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| YISELL JEANINE OSORIO MEJIA, Individually and as Representative of the ESTATE OF MARCOS HUMBERTO VINDEL OSORIO, Deceased; HERNAN OSORIO; WENDY OSORIO; DENIA PEREZ; JORDY JAMIL OSORIO GARCIA; and IRMA ELENA GARCIA, as Next Friend of J.A.V., a Minor Child | |
| *Plaintiffs*, | CIVIL ACTION NO. 4:26-cv-03266 |
| v. | Judge George C. Hanks, Jr. |
| SPIRIT AIRLINES, LLC (f/k/a Spirit Airlines, Inc.), | |
| *Defendant.* | |

**DEFENDANT SPIRIT AIRLINES, LLC's ANSWER AND AFFIRMATIVE ANSWERS
TO PLAINTIFFS' COMPLAINT**

Defendant Spirit Airlines, LLC ("Spirit") hereby files its Answer to the Plaintiffs'

Complaint and would plead as follows:

**NATURE OF ACTION**

1.      Spirit admits that Plaintiffs have filed this action as a result of a death.  Spirit lacks

sufficient information to admit or deny that Mr. Osorio was found dead on June 8, 2024 and that

he was found dead that night after having been struck by multiple vehicles on a roadway

approximately an eight-minute drive from the airport and therefore those allegations are denied.

Spirit denies the remaining allegations of this paragraph.

2.      Spirit admits that Plaintiffs' Complaint purports to bring an action pursuant to

Article 17 of the Convention for the Unification of Certain Rules for International Carriage by Air,

done at Montreal on May 18, 1999 and that in their Complain Plaintiffs seek damages for the

wrongful death of an individual that Plaintiffs' identify as Marcos Humberto Vindel Osorio and for injuries sustained prior to his death, to the extent permitted under the Montreal Convention and applicable law. Spirit denies the remainder of the allegations in this paragraph.

## JURISDICTION AND VENUE

3. This paragraph asserts legal conclusions and does not require an admission or denial. To the extent this paragraph requires a response, Spirit lacks sufficient information to admit or deny the allegations in this paragraph and therefore they are denied.

4. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

5. Spirit admits that Plaintiff alleges that events and omissions giving rise to this action occurred at George Bush Intercontinental Airport in Harris County, Texas. The remainder of the allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Spirit is lacks sufficient information to admit or deny the remaining allegations and they are therefore denied.

6. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

7. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

8. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

9. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

10.     Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

11.     Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

12.     Admitted.

## THE MONTREAL CONVENTION

13.     Spirit admits that the United States and Honduras are signatories to the Convention. The remaining allegations of this paragraph state legal conclusions that do not require a response. To the extent a response is required, denied.

14.     Spirit admits that Spirit Airlines flight 1630 was from Comayagua, Honduras (XPL) to Houston, Texas, George Bush Intercontinental Airport (IAH).  The remaining allegations of this paragraph state legal conclusions that do not require a response.  To the extent a response is required, denied.

15.     Admitted.

16.     Spirit admits that Article 21(1) of the Convention states for damages not exceeding 128,821 Special Drawing Rights per passenger, the carrier shall not be able to exclude or limit its liability.  The remaining allegations of this paragraph state a legal conclusion and do not require a response.  To the extent a response is required, denied.

17.     Spirit admits that Article 21(2) of the Convention states for damages exceeding the threshold of Article 21(1), the carrier shall not be liable if it proves that (a) such damage was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents, or (b) such damage was solely due to the negligence or other wrongful act or omission of a third

3

party.  The remaining allegations of this paragraph state a legal conclusion and do not require a response.  To the extent a response is required, denied.

18.    The allegations of this paragraph state a legal conclusion and do not require a response.  To the extent a response is required, denied.

## FACTS

### Mr. Osorio and His Travel:

19.    Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

20.    Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

### Spirit's Promise of Assitance:

21.    Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

22.    Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

23.    Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

With respect to the photograph and caption contained in Plaintiffs' Complaint, Spirit lacks sufficient information to admit or deny what the photograph depicts and the allegations contained in the caption and they are therefore denied.

24.    The allegations of this paragraph state legal conclusions to which no response is required.  To the extent a response is required, denied.

### Spirit's Abandonment of Mr. Osorio:

25. Admitted.

26. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

27. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

28. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

29. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

30. Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

31. Denied.

**The "Accident" Within the Meaning of Article 17:**

32. Denied.

33. Denied.

34. Spirit admits that the death forming the basis of Plaintiffs' Complaint occurred hours later and at a distance from the airport. Spirit denies the remainder of the allegations of this paragraph.

**CAUSE OF ACTION**

**Montreal Convention, Article 17 – Death of Passenger:**

35. Spirit incorporates by reference its response to each preceding paragraph as though fully set forth herein.

36. Denied.

37.    Denied.

38.    Denied.

39.    Denied.

     (a)    Denied.

     (b)    Denied.

     (c)    Denied.

     (d)    Denied.

     (e)    Denied.

     (f)    Denied.

     (g)    Denied.

<b><u>ALTERNATIVE STATE LAW CAUSES OF ACTION</u></b>

40.    Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

**<u>Negligence of Sprit Airlines (Alternative):</u>**

41.    Spirit incorporates by reference its response to each preceding paragraph as though fully set forth herein.

42.    The allegations of this paragraph contain legal conclusions which do not require a response.  To the extent that a response is required, Spirit lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

43.    Denied.

     (a)    Denied.

     (b)    Denied.

     (c)    Denied.

(d)    Denied.

(e)    Denied.

(f)    Denied.

44.    Denied.

**Negligent Undertaking of Spirit Airlines (Alternative):**

45.    Spirit incorporates by reference its response to each preceding paragraph as though fully set forth herein.

46.    Denied.

47.    Denied.

**Gross Negligence of Spirit Airlines (Alternative):**

48.    Spirit incorporates by reference its response to each preceding paragraph as though fully set forth herein.

49.    Denied.

50.    Denied.

51.    Denied.

**JURY DEMAND**

52.    Spirit demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

(a)    Denied.

(b)    Denied.

(c)    Denied.

(d)    Denied.

(e)    Denied.

(f)     Denied.

(g)     Denied.

## AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing averments, Spirit asserts the following affirmative defenses, which, singly, or in combination, bar Plaintiffs' right to recover, in whole or in part, the damages alleged in Plaintiffs' Complaint.  Additionally, at this stage of the litigation, it is not clear whether the law of Texas, the law of another state or the law of a foreign country governs this action.

1.     Spirit asserts the Plaintiffs' damages were caused or contributed to by the direct and proximate negligence, fault, or conduct of parties or persons other than Spirit and over whom Spirit had no control and for whose acts Spirit is not liable including, but not limited to, the Decedent and Plaintiffs. In the event that Spirit is found liable to Plaintiffs, which liability is expressly denied, Spirit will be entitled to a finding of comparative and/or contributory negligence or fault and, thereafter, indemnification, contribution, or apportionment pursuant to the applicable state law.  Any judgment awarded to Plaintiffs should be reduced based upon the percentage of fault apportioned to all persons liable for the damages incurred by Plaintiffs.

2.     Spirit pleads that Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate damages.

3.     Spirit asserts that at all times herein, it acted with reasonable and prudent care, was not negligent, and asserts that its conduct did not fall below the appropriate standard of care.

4.     Spirit asserts that Plaintiffs have failed to state a claim upon which relief can be granted.

5. Spirit pleads that the damages alleged in Plaintiffs' Complaint were caused, in whole or in part, by the lack of ordinary care, contributory negligence and/or culpable conduct of Plaintiffs and the decedent. Spirit contends that Plaintiffs be barred from recovery because the decedent and Plaintiffs bear greater than 50% of the responsibility for the damages and injuries sustained by Plaintiff.

6. Spirit asserts that a superseding and/or intervening cause caused or contributed to all or a substantial portion of all Plaintiffs' alleged damages.

7. Spirit pleads it has insufficient knowledge and information upon which to form an answer or belief as to the damage claims stated in the Complaint and as such denies them and places Plaintiffs on their proof. Pending completion of discovery, Spirit alleges if Plaintiffs fail to mitigate damages, if any, any alleged damages should be reduced proportionately, and Spirit is not liable to the extent Plaintiffs' damages, if any, are the result of pre-existing conditions, injuries, diseases, and disabilities, or of subsequent conditions, injuries, diseases, or disabilities of the decedent, or complications of such injuries, diseases, disabilities, and conditions, and are not the result of any act or omission on the part of Spirit.

8. Spirit pleads all applicable limitations of damages contained within its contract of carriage or other agreement with Plaintiffs and/or decedent.

9. Spirit pleads all applicable provisions limiting Plaintiffs' relief available to it under the Montreal Convention, including whether any alleged accident was sufficiently causally linked to decedent disembarking the Spirit aircraft.

10. If any other person(s) have settled Plaintiffs' claims against them in this suit or any other suit, claim, or proceeding where Plaintiffs have asserted for the same injuries, then Spirit is entitled to a credit for the amounts to be paid by other settling persons.

9

11.     The Montreal Convention preempts any and all causes of action that said Convention does not expressly authorize, including but not limited to all causes of action brought under state statutory or common law.

12.     Spirit invokes all caps and limitations on exemplary damages, statutory or otherwise.

13.     Spirit asserts that any medical expenses sought by Plaintiffs be limited to those amounts that have paid and incurred and those medical expenses to which Plaintiffs are obligated to pay.

14.     Spirit asserts any statutory provisions governing and limiting the calculation of pre- and post-judgment interest in this matter.

WHEREFORE, having fully responded to Plaintiffs' Complaint by the filing its Answer and Affirmative Defenses, Defendant Spirit Airlines, LLC prays:

(a) That judgment be rendered in favor of Defendant and against Plaintiffs;

(b) That the cost of this action be taxed against Plaintiffs; and

(c) For such other and further relief as is meet and just.

Date: Monday, May 18, 2026

Respectfully submitted,

*/s/ M. Ross Cunningham*
M. Ross Cunningham
(SDTX Bar No. 34405)
Texas Bar No. 24007062
Stephanie Millet
(SDTX Bar No. 3958839)
Texas Bar No. 00797070
Todd C. Donohue
(SDTX Bar No. 1097836)
Texas Bar No. 24026808
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Tel: (214) 646-1495
Fax: (214) 613-1163
rcunningham@cunninghamswaim.com
smillett@cunninghamswaim.com
tdonohue@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANT**
**SPIRIT AIRLINES, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 18, 2026, a true and correct copy of this Answer and Affirmative Defenses has been served via the Court's ECF/CM electronic filing and service platform.

*/s/ M. Ross Cunningham*
M. Ross Cunningham